IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GEORGE HALEY, | No. C 15-1079 WHA (PR) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| THOMAS GOTSHALL, | (Dkt. 34, 43) |
| Defendant. | |

## INTRODUCTION

Plaintiff, an inmate at Sonoma County Jail who is proceeding pro se, filed this civil rights case under 42 U.S.C. 1983 against Thomas Gotshall, an Assistant District Attorney at the Sonoma County District Attorney's Office who prosecuted plaintiff on charges involving passing counterfeit checks. Defendant has filed a motion for summary judgment, plaintiff has filed a motion to defer considering the motion for summary judgment, and defendant has filed a reply brief. For the reasons discussed below, the motion for summary judgment is **GRANTED**.

## STATEMENT

The following facts are not in dispute. On September 27, 2014, plaintiff was arrested in Santa Rosa, California, for passing a fraudulent check for over one thousand dollars at a furniture store (Rosenthal Decl. ¶¶ 1-6). He was eventually charged in two separate cases on multiple felony counts related to passing fraudulent checks, and those cases were later

1   consolidated (Arnold Decl. Exhs. B, E, K, O, P).  In addition to charges of passing fraudulent
2   checks, plaintiff was charged with six counts of unlawfully using identifying information —
3   commonly known as identity theft — of Citibank and Wells Fargo Bank, in violation of Section
4   530.5 of the California Penal Code (Second Arnold Decl. Exh. BB; Rosenthal Decl. Exh. U;
5   Adams Decl. Exh. Z).  Specifically, three of the passed checks falsely represented that they
6   were issued by "Citibank West FSB" and listed Citibank's website, and three other passed
7   checks falsely used Wells Fargo routing numbers (*ibid.*).  On January 14, 2015, the identity
8   theft charges were dismissed following the preliminary hearing, and on March 9, 2015, plaintiff
9   pleaded no contest to one count of felony commercial burglary for entering the furniture store
10  with the intent to commit larceny in return for dismissal of all remaining counts (Arnold Decl.
11  Exhs. Q, S).  One month later, he was sentenced to a four-year tem in Sonoma County Jail (*id.*
12  Exh. T).

13  The investigation of plaintiff's property revealed that he was in possession of an Internal
14  Revenue Service ("IRS") form SS-4 assigning an Employer Identification Number to "Apex
15  Holdings Ltd., Richard Haley Mbr" ("Apex") (Adams Decl. Exh. Y).  In his deposition,
16  plaintiff explained that Apex is a fictitious business name that he registered with the Sonoma
17  County Recorder's Office (Second Arnold Decl. Exh. AA ("Pl. Depo.") 56).  Apex has no bank
18  account, no employees, no income, and never filed taxes, and its only asset is a provider
19  agreement that it obtained free of charge from the United States Postal Service (*id.* 71-73, 92-
20  93, 98, 101-03, 119).

21  Plaintiff makes two claims that were further elaborated upon in his deposition.  First, he
22  claims that the 530.5 charges filed by defendant prevented the sale of Apex Holdings (Compl.
23  3).  He asserts that he was going to sell Apex Holdings to a "business broker" in Ventura,
24  California for $325,000, but the offer was canceled because defendant charged him with
25  stealing the identity of Apex Holdings (Pl. Depo. 52-53, 59, 102-03, 111, 121-22, 134, 142,
26  171, 173-75).  Plaintiff's valuation of Apex Holdings is based solely upon its possession of the
27  free provider agreement with the postal service (*id.* 115-16).  Plaintiff's second claim is that
28  defendant entered his "false" 530.5 charges into a "life scan information system," which rased

United States District Court
For the Northern District of California

2

his "bondability rating" (Compl. 3; Pl. Depo. 155-59, 160-61, 178).  Because of his high rating, he asserts that when he contacted a bail bondsman in January 2015 to post bail, the bail bondsmen informed him that he could not do so because there was "no bail" (*id.* 41-42). Plaintiff seeks money damages and injunctive relief, specifically to have removed a "hold" from the postal service preventing from accessing his postal provider account on the internet, and a "hold" from the IRS preventing him from transferring the APEX tax identification number to a new purchaser (Compl. 3; Pl. Depo163, 167-68, 171.)  He claims that the identity theft charges caused the holds to be placed (*ibid.*).

## ANALYSIS

### I.  STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Ibid*.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

### II.  CLAIMS

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 87 U.S. 42, 48 (1988).

1 Plaintiff's first claim — that defendant prevented the sale of Apex by charging him with
2 stealing Apex's identity — is contradicted by the evidence. The records from plaintiff's
3 prosecution show that he was charged with stealing the identity of Citibank and Wells Fargo
4 Bank, not Apex (Arnold Decl. Exhs. K, O). Plaintiff has not presented any evidence
5 contradicting these records, nor does he dispute them in his opposing papers. He concedes in
6 his deposition that his claims are based upon defendant having charged him with stealing the
7 identity of Apex (Pl. Depo. 130, 160, 162, 172-74). Because the evidence shows that he was
8 not charged with stealing the identity of Apex, summary judgment is warranted on his first
9 claim.

10 Summary judgment is warranted on the first claim for another reason. Plaintiff alleges
11 that there was an offer from an unidentified broker for $325,000 for Apex, but he offers no
12 evidence of this offer, he does not identify this broker or the purchaser or provide any evidence
13 of their existence, nor does he present any evidence of any kind of purchase agreement. In
14 addition, in light of the undisputed evidence that Apex's only asset was a free agreement
15 obtained from the postal service, no reasonably inference can be drawn that anyone would offer
16 to buy it alone, let alone for the Apex, let alone for the generous sum alleged by plaintiff.

17 Plaintiff's allegations in support of his first claim also fail to establish a violation of his
18 constitutional rights. The disclosure of the fact of an arrest to a third party on criminal charges
19 is not in and of itself a constitutional violation. *See Paul v. Davis*, 424 U.S. 693, 713 (1976).
20 To the extent plaintiff is asserting an injury to his reputation, moreover, that is not an interest
21 protected by due process. *Id.* at 710, 712. There must also be a deprivation of a tangible
22 interest in addition to the defamation, i.e. a "stigma plus." *Id.* At 710-11; *WMX Technologies v.*
23 *Miller*, 80 F.3d 1315, 1320 (9th Cir. 1996). The allegedly prevented does not qualify as the
24 "plus" interest because in order to show "stigma plus," plaintiff must show that the defamation
25 by the government was "accompanied by an injury directly caused by the government, rather
26 than an injury caused by the act of some third party." *Id.* It is alleged that the broker withdrew
27 the offer, not the government. More importantly, the charges were not defamatory because
28 there is no dispute that the charges truthfully stated that plaintiff's checks used the identifying

4

1   information of Citibank and Wells Fargo Bank. *See Cox Broadcasting Corp. V. Cohn*, 420 U.S.
2   469, 489 (1975) (truth is a defense to defamation). As a result, the allegations in the first claim
3   do not establish a violation of any interest protected by due process. Nor is any other
4   constitutional right or federal law implicated by plaintiff's first claim.

5   Plaintiff's second claim also fails on numerous grounds. He claims that defendant
6   entered the "false" charges that plaintiff stole the identity of Apex into a database that raised
7   plaintiff's "bondability rating" to the point that he could not obtain bail. First, as described
8   above, the criminal records show that he was not charged with stealing Apex's identity, and the
9   charges that he claims were "false" never existed. In addition, a bail bondsmen informed him in
10  January 2015 that he could not post bail because the records show that the state court had set
11  had his bail at "no bail" several months earlier, not because of his "bondability rating" (*see*
12  Arnold Decl. Exh. C). Finally, plaintiff asserts no violation of federal law arising from the
13  allegations relating to this claim, nor is any such violation apparent. Plaintiff states that his
14  "equal rights" were violated, which might be a reference to the Equal Protection Clause.
15  However, there is no allegation, evidence or indication of any similarly situated person who was
16  treated differently from plaintiff, as is required to establish an equal protection violation. *See*
17  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

18  It is noted that the injunctive relief plaintiff requests — removing the postal service and
19  IRS holds — are not available for the simple reason that there is no evidence beyond his
20  "assumption" that the charges or any other action or inaction by defendant caused the holds to
21  be placed (*see* Pl. Depo. 170, 173). Further, plaintiff has received instructions from both the
22  postal service and the IRS explaining how he can have the holds released without court
23  intervention (*id.* 163, 171).

24  In response to defendant's motion, plaintiff filed a "motion to defer considering
25  defendant's motion for summary judgment." In the motion, he requests that consideration of
26  defendant's summary judgment motion be "deferred" until the plaintiff can present his case to a
27  jury (dkt. 43 at 4). This is effectively an opposition to granting summary judgment, and it is
28  construed as such.

5

Plaintiff's opposition does not address the claims in his complaint, but rather makes a new argument: that an email sent to his attorney by a Deputy District Attorney Craig Brooks (a non-party) in November 2014 "publicly announced" that plaintiff would be prosecuted for stealing Apex's identity despite defendant's "knowledge" that Apex was not a victim of plaintiff's identity theft (*id.* 1, 2, Exh. A). Plaintiff argues that this makes defendant liable under Section 1983 for libel and for pursuing a different "plan" than charging plaintiff with stealing Apex's identity (*id.* 2). These are effectively new claims in that they were not alleged in the complaint, and as such they would have to be added to this case by way of amendment under Rule 15(a). It would be futile to allow plaintiff to amend the complaint to add these claims because they do not state a cognizable basis for relief. Libel is not actionable under Section 1983, *see Paul*, 424 U.S. at 710, and in any event defendant did not write the allegedly libelous email. Any change in the prosecutor's plan does not violate the federal constitution or other federal law, and deciding not to pursue a certain charge is the type of decision-making that is at the heart of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Botello v. Gammick*, 413 F.3d 971, 977 (9th Cir. 2005). Plaintiff also appears to argue that charging him with stealing Apex's identity would have violated his civil rights because the prosecutor had knowledge that such charges were false. There was no such violation, however, because those charges were not filed; simply discussing the possibility of such charges with plaintiff's attorney violates no federal law.

Plaintiff has created no triable issue as to whether or not his federal constitutional or statutory rights were violated by defendant. As a result, defendant is entitled to summary judgment on plaintiff's civil rights claims.

## CONCLUSION

In light of the foregoing, defendant's motion for summary judgment is **GRANTED**. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February  16 , 2016.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

6